IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., NW, Suite 330, Washington, D.C. 20001, <br><br>        Plaintiff, <br><br>v. <br><br>USDA FOREST SERVICE 201 14th Street, SW, Washington, D.C. 20024, <br><br>        Defendant. | Civil Action No. 18-653 |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the USDA Forest Service ("Forest Service") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave, NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry on and increase public awareness of immigration issues, and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant Forest Service is an agency of the U.S. Government and is headquartered at the Sidney R. Yates Federal Building, 201 14th Street, SW, Washington, DC 20024. The Forest Service has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 13, 2016, Plaintiff submitted a FOIA request by email to the Forest Service, specifically, the USDA Forest Service, FOIA Service Center, seeking access to the following public records:

1. Any and all original records showing the location and amount of acreage of Forest Service-managed lands (including roads) which have been closed, partially or otherwise, to the public from FY2015 to the present.[1]
2. Any and all original records showing annual estimates of the number of cross-border violators (aka illegal/undocumented border-crossers) that have crossed into the Cleveland and Coronado National Forests from FY2011 to the present.[2]

---

[1] For examples of federally-managed land closures, *see* http://www.gao.gov/assets/320/314200.html ("Officials [] said that visitors to federal lands in these areas are concerned about their safety and that some visitors have said they no longer go to certain areas because of the illegal activities. Buenos Aires National Wildlife Refuge, for example, has closed a portion of the refuge adjacent to the border to reduce the risk to the public. Similarly, the National Park Service closed most of Organ Pipe Cactus National Monument, a popular location for bird-watching, after a park law enforcement officer was murdered in 2002 by a member of a drug-trafficking organization.").

[2] For examples of such estimates made elsewhere, *see* http://www.gao.gov/new.items/d11144.pdf ("In 2006 [] the Refuge Manager of Buenos Aires National Wildlife Refuge testified before the House of Representative's Subcommittee on Interior, Environment, and Related Agencies of the Committee on Appropriations that an estimated 235,000 people entered the United States illegally across refuge lands in 2005.").

3. Any and all original records showing estimates of the resource damage and wildlife costs attributed to illegal campfires in each property managed by the Forest Service from FY2013 to the present.[3]
4. Any and all original records showing estimates of the amount of trash (including discarded and vacated vehicles, equipment, camp-sites) removed from each property managed by the Forest Service from FY2013 to the present.[4]
5. Any and all original records showing the number and annual cost estimates of law enforcement officers currently stationed at each property managed by the Forest Service.[5]

6. Plaintiff received an acknowledgement email from the Forest Service dated July 15, 2016, assigning the FOIA request the tracking number 2016-FS-WO-04753-F.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Forest Service was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, the Forest Service's determination of Plaintiff's FOIA request was due by August 12, 2016, at the latest.

8. As of the date of this Complaint, the Forest Service has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determinations or the reasons for such determinations; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

---

[3] For examples of estimates of illegal campfire damage, *see* http://www.fs.usda.gov/detail/cleveland/landmanagement/resourcemanagement/?cid=stelprdb5281046 ("Since 1997, the Cleveland National Forest has staffed a border fire prevention and resource protection crew to remedy impacts created by cross-border violators. Their primary job is to find and extinguish illegal campfires before they expand and become wildfires. Each year these fire prevention efforts have helped reduce resource damage and wildfire costs. Despite these efforts, in 2005, over 370 acres of the National Forest burned due to illegal campfires and over 4 tons of trash was removed from the National Forest, much of which can be attributed to illegal immigration.")

[4] For examples of estimates of trash removal costs, *see Id.*

[5] *See, e.g.,* http://www.gao.gov/new.items/d11144.pdf ("In 2007, the Forest Service added eight law enforcement officers at the Coronado National Forest to deter illegal cross-border activity, according to agency officials.")

9. Because the Forest Service has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to both requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   March 22, 2018                              Respectfully submitted,


                                                     /s/ Julie B. Axelrod
                                                     D.C. Bar No. 1001557
                                                     Immigration Reform Law Institute
                                                     25 Massachusetts Ave. NW, Suite 335
                                                     Washington DC, 20001
                                                     Telephone: 202-232-5590
                                                     FAX (202) 464-3590
                                                     Email: jaxelrod@irli.org